## Kerchner Estate

*Theodor G. Confer*, for accountants.

*Daniel H. Huyett, 3rd*, for Commonwealth.

MUTH, P. J., May 18, 1964.—Decedent, Mahlon L. Kerchner, died on May 29, 1963, testate and unmarried.

The residue of his estate he directs be distributed in eight equal shares to his seven living children and the issue of a deceased daughter.

The Commonwealth of Pennsylvania has presented two claims against this estate arising out of the maintenance of a daughter of decedent, Verna Marie Kerchner, at Wernersville State Hospital. The Commonwealth claims for her maintenance from May 1, 1962, to May 29, 1963, the date of the death of decedent, the sum of $1,223. In addition, the Commonwealth presents a claim for maintenance of the said daughter since the death of decedent up to April 15, 1964, in the sum of $1,587.50. The claim for maintenance of the said daughter during the lifetime of decedent in the sum of $1,223 is allowed and distribution awarded to the Commonwealth. With reference to the claim for the maintenance of the said Verna Marie Kerchner since the date of the death of decedent, in the absence of a judg-

ment and an attachment execution, we are unable to award distribution of this claim for the reason as stated in Cemini Estate, 22 D. & C. 2d 556, as follows:

"I am of the opinion that this objection is well taken and must be sustained, in the absence of an attachment of the legacy. In such a situation, the Commonwealth is in no better position to demand a legatee's share than is any other common creditor. . . .

"However, nothing in the foregoing is to be construed to mean that Frank Cemini [the son] is to be paid the pro rata share of the said legacy. To so hold would be to require the other legatees, his brothers and sisters, to contribute toward his support, a duty as was said in Boles' Estate, 316 Pa. 179 (182), is not imposed upon them by statute or by common law."

Accordingly distribution of the estate after the award to the Hamburg Savings and Trust Company for the cemetery trust, with legal interest, and the allowance of the claim of the Commonwealth in the sum of $1,223 for maintenance, as aforesaid, will be awarded to children of testator, excluding Verna Marie Kerchner, since her distributive share of this estate is smaller than the amount of the claim of the Commonwealth, payment of which is allowed out of the estate. Of testator's eight children, Elda Schappell is deceased and he directs her share to be divided equally among her four children. Nevin Kerchner, a son, died in 1956, unmarried and without issue surviving. Therefore, the residue of the estate is divided into six equal shares among Mahlon, George, Abner, Earl and John Kerchner and the four children of Elda Schappell, deceased daughter. . . .

And now, May 18, 1964, this adjudication is confirmed nisi; and in the absence of exceptions, filed within 10 days herefrom, such confirmation shall become absolute, as of course.